EXHIBIT 1

## SERVICE COPY

| MADISON COUNTY CIRCUIT COURT | **STATE OF TENNESSEE CIVIL SUMMONS** | Case Number C-22-154 DIV-I |
|---|---|---|

AMBER NICOLE WATTS, INDIVIDUALLY AND AS SURVIVING PARENT AND NEXT OF KIN OF BROOKE ADRIANA GOMEZ, PLAINTIFF VS. TOYOTA MOTOR CORPORATION; TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR DISTRIBUTORS, INC.; TOYOTA MOTOR SALES, U.S.A., INC.; AND TOYOTA GROUP, DEFENDANTS

Served On:

**TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC**

You are hereby summoned to defend a civil action filed against you in Circuit Court, Madison County, Tennessee. Your defense must be made within thirty (30) days from the date this summons is served upon you. You are directed to file your defense with the clerk of the court and send a copy to the plaintiff's attorney at the address listed below. If you fail to defend this action by the below date, judgment by default may be rendered against you for the relief sought in the complaint.

Issued: _June 21, 2022_

Clerk / Deputy Clerk

Attorney for Plaintiff: _Dean P. Dedmon, Jenkins | Dedmon Law Group LLP, P.O. Box 846, Dyersburg, Tennessee 38025_

### NOTICE OF PERSONAL PROPERTY EXEMPTION

TO THE DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption as well as a homestead exemption from execution or seizure to satisfy a judgment. The amount of the homestead exemption depends upon your age and the other factors which are listed in TCA § 26-2-301. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for your self and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state file number on list.

Mail list to        Kathy Blount, Circuit Court Clerk, Madison County
                    515 S. Liberty St, Jackson, Tennessee 38301

### CERTIFICATION (IF APPLICABLE)

I, _____, Circuit Court Clerk of Madison County do certify this to be a true and correct copy of the original summons issued in this case.

Date: _____

Clerk / Deputy Clerk

**OFFICER'S RETURN:** Please execute this summons and make your return within ninety (90) days of issuance as provided by law.

I certify that I have served this summons together with the complaint as follows: _Toyota Motor Engineering &_
_Manufacturing North America Inc c/o CT Corp_

Date: _9.19.22_        By: _____
                           Officer, Title

**RETURN ON SERVICE OF SUMMONS BY MAIL:** I hereby certify and return that on _____, I sent postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in the above styled case, to the defendant _____. On _____ I received the return receipt, which had been signed by _____ on _____. The return receipt is attached to this original summons to be filed by the Court Clerk.

Date: _____

Signature of Plaintiff

Notary Public / Deputy Clerk (Comm. Expires _____

Plaintiff's Attorney (or Person Authorized to Serve Process)
(Attach return receipt below)

ADA: IF YOU HAVE A DISABILITY AND REQUIRE ASSISTANCE PLEASE CALL 731-988-3070

ADA: If you need assistance or accommodations because of a disability please call Kathy Blount, ADA Coordinator, at (731) 323-3035

ATTORNEY TO SERVE

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE TWENTY-SIXTH JUDICIAL DISTRICT
AT JACKSON

*FILED*

AMBER NICOLE WATTS, Individually
and as Surviving Parent and Next of Kin
of BROOKE ADRIANA GOMEZ

    Plaintiff,

v.

TOYOTA MOTOR CORPORATION;
TOYOTA MOTOR NORTH AMERICA,
INC.; TOYOTA MOTOR ENGINEERING
& MANUFACTURING NORTH
AMERICA, INC.; TOYOTA MOTOR
DISTRIBUTORS, INC. ; TOYOTA
MOTOR SALES, U.S.A., INC.; and,
TOYOTA GROUP;

    Defendants.

KATHY BLOUNT, CIRCUIT COURT CLERK
DEPUTY CLERK

JUN 21 2022

Civil Action No. *C-22-154*
*Jury Demanded*

DIV. I

---

## COMPLAINT FOR WRONGFUL DEATH

    Plaintiff sues Defendants, and for her cause of action states:

*Information about the Parties*

    1.    Plaintiff Amber Nicole Watts is a resident of Dyer County, Tennessee and is the surviving natural parent and next of kins of Brooke Adriana Gomez. (The name of Brooke Adriana Gomez is not redacted in this complaint because, though she was a minor child at the time of the events described in this complaint, she is no longer living.)

    2.    Brooke Adriana Gomez died as a result of the events described in this complaint; she was a minor child at the time of her death and did not have any spouse or issue.  The cause of action for wrongful death passed to her mother, as her

natural parent and next of kin, Amber Nicole Watts.  Tenn. Code Ann. §20-5-106 – 20-5-107.

3.    Defendant Toyota Motor Corporation is believed to be a corporation or corporate entity formed under the law of Japan and having its principal place of business at 1 Toyota-Cho, Toyota City, Aichi Prefecture 471-8571, Japan.

a.    Toyota Motor Corporation is subject to jurisdiction in the United States of America and the State of Tennessee, as described below.

b.    Toyota Motor Corporation may be served with process under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention") or other applicable treaty or method under the law of the United States of America.

4.    Defendant Toyota Motor North America, Inc. is believed to be corporation formed under the law of California and having its principal place of business/principal office at 6565 Headquarters Drive, Plano, Texas 75024.  Upon information and belief, its registered agent in the State of Tennessee is C T Corporation System, 300 Montvue Road, Knoxville, TN 37919.

5.    Defendant Toyota Motor Engineering & Manufacturing North America, Inc. is believed to be corporation formed under the law of Kentucky and having its principal place of business/principal office at 6565 Headquarters Drive, #w1-3C, Plano, Texas 75024.  Upon information and belief, its registered agent in

2

the State of Tennessee is C T Corporation System, 300 Montvue Road, Knoxville, TN 37919.

6. Defendant Toyota Motor Distributors, Inc. is believed to be a corporation formed under the law of California and having its principal place of business/principal office at 19001 Southwestern, Torrance, California 90501. Upon information and belief, its registered agent in the State of Tennessee is C T Corporation System, 300 Montvue Road, Knoxville, TN 37919.

7. Defendant Toyota Motor Sales, U.S.A., Inc. is believed to be corporation formed under the law of California and having its principal place of business/principal office at 6565 Headquarters Drive, Plano, Texas 75024. Upon information and belief, its registered agent in the State of Tennessee is C T Corporation System, 300 Montvue Road, Knoxville, TN 37919.

8. Defendant Toyota Group is believed to be a corporation or corporate entity formed under the law of Japan and having its principal place of business at 1 Toyota-Cho, Toyota City, Aichi Prefecture 471-8571, Japan.

    a. Toyota Group is subject to jurisdiction in the United States of America and the State of Tennessee, as described below.

    b. Toyota Group may be served with process under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention") or other applicable treaty or method under the law of the United States of America.

9. The Defendants will be collectively called the "Toyota Defendants" in

this complaint. The term "Toyota Defendants" refers to all the parties listed in paragraphs 3-8 above.

*Personal Jurisdiction*

10.     The Toyota Defendants advertise extensively in Tennessee, conduct sales through a network of dealers subject to their control, provide service through a network of dealers subject to their control, and otherwise conduct extensive activities in the State of Tennessee. Under *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, ___ U.S. ___, 141 S. Ct. 1017 (2021), the 14th Amendment to the U.S. Constitution permits the exercise of personal jurisdiction over the Toyota Defendants by this Court.

11.     Defendants have purposefully availed themselves of the privilege of acting within Tennessee and this Court has personal jurisdiction over the Toyota Defendants.

12.     Each of the Toyota Defendants is amenable to service of process under the Tennessee long-arm statute. Tennessee's long-arm statute provides, in part: "Persons who are nonresidents of this state . . . are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from: [t]he transaction of any business within this state . . .[or] [a]ny tortious act or omission within this state; . . . [or] [a]ny basis not inconsistent with the constitution of this state or of the United States[.]" Tenn. Code Ann. §20-2-214(a).

13.     All of the Toyota Defendants have purposefully available themselves of selling vehicles in Tennessee and profiting directly from a network of sales and

services of Toyota-branded vehicles in Tennessee. Consequently, the Toyota Defendants are subject to personal jurisdiction in this Court under Tennessee Code Annotated §§ 20-2-214, 20-2-223, 20-2-225, and the constitutions of the State of Tennessee and the United States of America

14. *Facts and Background*

15.     Plaintiff hereby incorporates into this count of the complaint each and every allegation of all other portions of this complaint as if copied verbatim into this count. Tenn. R. Civ. P. 10.

16.     On June 21, 2021, Plaintiff and her daughter were involved in a vehicle crash in Madison County, Tennessee.

17.     Brooke Adriana Gomez died in the vehicle crash.

18.     The death of Brooke Adriana Gomez occurred because the seat and/or seat built On or about June 11, 2003, James Allen Essary, Jeannie Carol Essary, and Amy Marie Essary were traveling in a westerly direction on the westbound portion of U.S. Interstate 40 returning from Nashville, Tennessee to their home in Dyersburg, Tennessee.

19.     This complaint is brought under the common law of Tennessee and the Tennessee Products Liability Act of 1978. Tenn. Code Ann. § 29-28-101 *et seq.*

20.     The Toyota Defendants manufactured and placed into the stream of commerce a 2016 Toyota RAV-4 that was ultimately sold for use to Amber Watts.

21.     The Toyota Defendants are engaged in the business of manufacturing and selling the above-mentioned automobile.

22.   The 2016 Toyota RAV-4 vehicle did reach Amber Watts, without substantial change in the condition in which it left the manufacturer.

23.   Upon information and belief, said the 2016 Toyota RAV-4 was designed and manufactured in such a manner so as not to protect the occupants of the front passenger's seat of the automobile against injuries from crashes, rendering the same unreasonably dangerous and defective and posing an unreasonable risk of harm to the Plaintiffs.

24.   Upon information and belief, the 2016 Toyota RAV-4 was unsafe for the normal, reasonable, and anticipated handling and use of the product. The 2016 Toyota RAV-4 did not conform to the state of scientific and technological knowledge available to the Seller at the time the product was placed on the market.

25.   Upon information and belief, the Toyota Defendants to adequately warn or instruct of the defective and unreasonable dangerous propensities of the product.

26.   Upon information and belief, the Toyota Defendants failed to give proper instruction of the use and handling of the product, including adequate warnings or dangers associated with the use or misuse of the product.

27.   Upon information and belief, the Toyota Defendants failed to place an adequate warning on the product in question, thereby failing to adequately warn the Plaintiff, which rendered the said product unreasonably dangerous and defective.

28.   Upon information and belief, the Toyota Defendants failed to use

reasonable care in designing, manufacturing, testing and inspecting the 2016 Toyota RAV-4 automobile, which constitutes negligence.

29.    Upon information and belief, the Toyota Defendants were negligent in failing to insure that safe component parts used in the manufacture of the 2016 Toyota RAV-4, making the same unreasonably dangerous and defective.

30.    Upon information and belief, the Toyota Defendants warranties, both express and implied, as stated in Tenn. Code Ann. §§47-2-313, 47-2-314, and 47-2-315.

31.    Upon information and belief, the 2016 Toyota RAV-4 automobile which was sold and marketed by the Toyota Defendants was neither fit nor merchantable in that the above said would not:

a.    Pass without objection in the trade; and,

b.    Was not fit for the ordinary purpose for which said products were sold and used.

32.    Upon information and belief, the Toyota Defendant were negligent in failing to use reasonable care in designing, manufacturing, and inspecting the 2016 Toyota RAV-4 rendering it unsafe in the manner and purpose for which it was intended.

33.    The Toyota Defendants knew or should have known that the aforementioned 1999 Dodge Neon automobile was designed and manufactured with defective or unreasonably dangerous component parts causing said automobile itself to be unreasonably dangerous and/or defective.

34.     Plaintiff further alleges that the aforesaid unreasonably dangerous and defective conditions and negligent acts were known to the Toyota Defendants, their agents or employees, or in the exercise of reasonable care should have been known to said Defendant and the said Defendant failed to take adequate steps to eliminate or reduce hazards of the automobile that the manufactured and sold.

35.     The violation of the aforementioned common law and statutory duties by the Toyota Defendants negligence which was a direct and proximate cause of the injuries, damages, and death suffered by Brooke A. Gomez.

36.     As a direct result of the negligence of the Toyota Defendants, Brooks A. Gomez was killed.

WHEREFORE, Plaintiff prays for judgment against the Toyota Defendants in an amount sufficient to fully compensate the Plaintiff for her damages and the wrongful death of her daughter in an amount not to exceed Ten Million Dollars ($10,000,000.00), in the aggregate.   PLAINTIFF FURTHER PRAYS for a jury of twelve citizens to try this case when the issues are joined.   PLAINTIFF FURTHER PRAY for such other relief to which she may be entitled, whether general or specific, under the facts of this case and the law of Tennessee.

Respectfully submitted,

Dean P. Dedmon (#017949)
W. Lewis Jenkins (#017423)
Jenkins | Dedmon Law Group LLP
Attorneys for Plaintiff
426 Troy Avenue, P.O. Box 846
Dyersburg, TN 38025-0846
Tel. No. (731) 259-6100


## COST BOND

We acknowledge ourselves liable for costs in this matter pursuant to T.C.A.
§§20-12-120 and 20-12-125.

Jenkins | Dedmon Law Group LLP

By: